**Kazi Nazrul ISLAM, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Board of Immigration Appeals, Respondents.**

**No. 06–2474–ag.**

United States Court of Appeals, Second Circuit.

Jan. 17, 2007.

Aleksander Milch, Christophe and Associates, P.C., New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Linda S. Wernery, Assistant Director, Janice K. Redfern, Attorney, Office of Immigration Litigation, Washington, D.C, for Respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, and Hon. B.D. PARKER and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Kazi Nazrul Islam, a native and citizen of Bangladesh, seeks review of an April 28, 2006 order of the BIA affirming the November 15, 2005 decision of Immigration Judge ("IJ") William F. Jankun denying the petitioner's motion to rescind his *in absentia* removal order. *In re Kazi Nazrul Islam,* No. A 98 796 303 (B.I.A. April 28, 2006), *aff'g* No. A 98 796 303 (Immig. Ct. N.Y. City Nov. 15, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Denials of motions to reopen, including motions to reopen challenging orders of removal entered *in absentia,* are reviewed for an abuse of discretion. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006). We review the agency's underlying conclusions of law *de novo;* however, we defer to the BIA's interpretations of ambiguous statutory provisions unless those interpretations are " 'arbitrary, capricious, or man-

ifestly contrary to the statute.'" *Mardones v. McElroy,* 197 F.3d 619, 624 (2d Cir.1999) (quoting *Chevron, U.S.A., Inc. v. N.R.D.C.,* 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)).

An order entered in *in absentia* deportation proceedings may be rescinded only upon a motion to reopen filed, *inter alia,* "[w]ithin 180 days after the date of the order of deportation if the alien demonstrates that the failure to appear was because of exceptional circumstances beyond the control of the alien." 8 C.F.R. § 1003.23(b)(4)(iii)(A)(1). The statute states that exceptional circumstances can include "serious illness of the alien." 8 U.S.C. § 1229a(e)(1).

██ In this case, the agency did not abuse its discretion in denying Islam's motion to rescind his *in absentia* removal order. The doctor's form entered into evidence only generally states that Islam was "treated for fever/tonsilitis" and was "[a]dvised to take rest for 5–7 days." The doctor's form does not indicate that Islam "[w]as seen in [the doctor's] office" on October 13, 2005—the date of the immigration hearing. Based on the record, it is therefore impossible to determine when Islam had seen the doctor, the severity of his illness, and how far along he was in his recovery. Due to the vagueness of the doctor's form, the agency acted within its discretion in determining that it was insufficient, on its own, to meet Islam's burden of proving "exceptional circumstances."

██ Furthermore, the IJ and the BIA acted within their discretion in relying on Islam's failure to submit "an affidavit describing his symptoms," or an "explanation as to how his medical condition prevented [him] from attending his hearing." Because the doctor's form entered into evidence did not clarify the circumstances or severity of Islam's illness, it was reasonable for the IJ to require further corrobo-

ration in the form of an affidavit or other evidentiary material. *See* 8 C.F.R. § 1003.23(b)(3) (providing that a motion to reopen shall be supported by affidavits and other evidentiary material).

Finally, the agency acted within its discretion in relying on Islam's failure to notify the court of his absence. Although the statute does not explicitly require a petitioner to have given prior notice of his absence in order to establish that his "failure to appear was because of exceptional circumstances," 8 C.F.R. § 1003.23(b)(4)(iii)(A)(1), the BIA has stated that "[n]otifying the Immigration Court of the respondent's unavailability is a minimal and logical step that, if not taken, is a factor which tends to undermine a claim of exceptional circumstances." *In re B–A–S–,* 22 I. & N. Dec. 57 (BIA 1998). Thus, the agency properly determined that Islam's failure to notify his attorney or the immigration court of his absence further undermined his ability to prove "exceptional circumstances."

Accordingly, Islam's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).